UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PEDEN,<br><br>   Petitioner,<br><br>  v.<br><br>JEROME PRICE,<br><br>   Respondent. | Case No.: 1:15-cv-01121-DAD-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR FAILURE TO STATE A FEDERAL CLAIM (Doc. 15)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

In this action, Petitioner challenges the state court's refusal to recall his sentence based, he contends, on an erroneous understanding of state law. Because the Court lacks jurisdiction over this claim, the Court recommends the petition be **DISMISSED**.

I.  PROCEDURAL HISTORY

In 2002, the state court sentenced Petitioner to an indeterminate sentence of 25-years-to-life for being a felon in possession of a firearm and being a felon in possession of ammunition. (Lodged Document ("LD") 1). Notably, at the sentencing, it was established that Petitioner had suffered four prior "strike" convictions within the meaning of California's Three Strikes law. (Id.).

A 2012 amendment to that law, the Three Strikes Reform Act (also referred to as "Proposition 36"), required that the third "strike" be a serious or violent felony. (Doc. 1).[1] On December 13, 2012,

---

[1] Prior to its amendment by the Three Strikes Reform Act, the Three Strikes law required that a defendant who had two or more prior convictions of violent or serious felonies receive a third-strike sentence of a minimum of 25 years to life for any

1

Petitioner requested that the trial court recall his sentence pursuant to Proposition 36. (LD 11). On March 15, 2013, the trial court denied the motion, finding that Petitioner did not satisfy the minimum statutory requirements for resentencing under Proposition 36. (LD 12). Petitioner appealed the denial to the California Court of Appeal, and, ultimately, to the California Supreme Court, both of which were denied. (LD 13; 14; 15).

The instant petition was filed on February 2, 2015 in the Sacramento division of this Court. (Doc. 1). The case was transferred to the Fresno Division. (Doc. 6). On July 22, 2015, the Court ordered Respondent to file a response to the petition. (Doc. 9). On September 17, 2015, Respondent filed the instant motion to dismiss, contending Petitioner raises only state law issues and no cognizable federal claim has been asserted. (Doc. 15). On December 21, 2015, Petitioner filed his opposition to the motion to dismiss. (Doc. 22). Respondent filed a reply on January 6, 2016. (Doc. 24).

## II.  DISCUSSION

### A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

Respondent's motion to dismiss here argues Petitioner has failed to state a cognizable federal claim for habeas relief.  Because Respondent's motion to dismiss is similar in procedural standing to a

---

current felony, even if the current offense was neither serious nor violent. Former Cal. Pen. Code §§ 667, subds. (d), (e)(2)(A); 1170.12, subds. (b), (c)(2)(A). Proposition 36 amended the original Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent. Except when an exception applies, such a defendant is to receive a second-strike sentence of twice the term otherwise provided for the current felony. Cal.Pen. Code §§ 667, subd. (e)(2)(C); 1170.12, subd. (c)(2)(C). Proposition 36 also established a procedure by which inmates convicted of 25 year to life sentences under the former law could seek resentencing in according with the new sentencing rules. Cal.Pen.Code §§ 1170.126.

motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.  Failure to State a Cognizable Federal Habeas Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.  Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.  Instead, Petitioner raises only state law claims, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

Indeed, it is well-established that federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

In his opposition to the motion to dismiss, Petitioner belatedly attempts to state a federal claim by alleging that the failure of the trial court to grant the recall of his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment.  (Doc. 22, p. 3)  However, as Respondent correctly notes, Petitioner's broad assertion does not transform this state claim into a federal one.  Merely placing a "due process" label, or, in this instance, a "cruel and unusual punishment" label, on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996).  Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion). While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner.

Moreover, in his opposition, Petitioner clearly claims the error relates to the trial court's application of state law.  He asserts:

> the issue before the court is now whether or not the modification or change in application of the statute has a prejudicial effect upon petitioner.  Petitioner asserts in full that because the departure to a less stringent application of law now exist [sic], legislature must have drawn the reasonable inference that the previous reading and application of the statute was defective at or on some level.  Correcting of modifications were made and petitioner should be afforded the benefit of such changes in application.

(Doc. 22, p. 3).

4

Finally, Petitioner argues that People v. Johnson, 61 Cal.4th 674 (2015), "establishes the constitutional basis in which federal review is permissible." (Doc. 22, p. 4).  Petitioner is mistaken.  In Johnson, the California Supreme Court analyzed Proposition 36 to determine that whether a defendant is disqualified from recall of his sentence is based on whether his current offense was defined as "serious" or "violent" on the Act's effect date.  Johnson, 61 Cal.4th at 684-85.  The court also held that such a determination must be made on a count-by-count basis.  Id., 687-88.  Notably, Johnson does not create a federal issue for petitioners.  To the contrary, the only issue Johnson addressed is the statutory interpretation of California law as applied to specific offenses.  Nothing in Johnson implicates a federal constitutional right.

Put simply, Petitioner has had three "bites" at the apple, i.e., in the superior court, the Court of Appeal, and the California Supreme Court.  All three have upheld the position that Petitioner is not entitled to the remedial aspects of Proposition 36.  Whether those state court determinations were wrong, as Petitioner contends, is irrelevant here.  This Court is bound by a state appellate court's interpretation of its own laws. Applying federal habeas principles, this Court lacks jurisdiction over any petition that fails to state a cognizable claim for federal habeas relief.  Thus, the Court recommends that the petition be dismissed for lack of jurisdiction.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be **GRANTED** and the habeas corpus petition be **DISMISSED** for Petitioner's failure to allege a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to

file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 21, 2016**              /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE